ANTHONY CARBONE, PLAINTIFF-APPELLANT, v. GEORGE F. KUGLER, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, AND WALTER G. HALPIN, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued August 30, 1971—Decided September 3, 1971.

Before Judges GOLDMANN, COLLESTER and MINTZ.

*Mr. Arnold Jay Gold* argued the cause for appellant.

*Mr. Alfred L. Nardelli,* Deputy Attorney General, argued the cause for respondent Attorney General of New Jersey (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey; *Mr. Stephen Skillman,* Assistant Attorney General).

PER CURIAM. Anthony Carbone appeals from a Law Division judgment upholding the determination of the Union County Clerk that his nominating petition as an independent candidate for the office of freeholder was invalid for failure to comply with *N. J. S. A.* 19:13–7. *N. J. S. A.* 19:13–5 requires that such petition contain 100 signatures of legally qualified voters. *N. J. S. A.* 19:13–7 provides that at least five of the voters signing the petition shall make oath that the petition is made in good faith, that they saw all the signatures made thereto and verily believe that the signers were duly qualified voters.

An objection having been filed after Carbone had submitted his petition, the county clerk conducted a summary hearing which revealed that five affiants were not present at

the time the voters signed the petition. Since this was a violation of *N. J. S. A.* 19:13–7, he determined that the petition was defective and accordingly declared it invalid.

Carbone at once filed a complaint in lieu of prerogative writs. Following a hearing the Law Division judge upheld the county clerk's ruling, and this appeal followed. Carbone's basic contention is that the 19:13–7 requirement of five attesters amounts to a denial of the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution. The basis for this contention is that under *N. J. S. A.* 19:23–11 a nominating petition in a primary election need be verified by only one of the signers of the petition. In short, Carbone claims there is invidious discrimination where an independent candidate is concerned.

We find no merit in that contention. As the United States Supreme Court pointed out in *Jenness v. Fortson,* 403 *U. S.* 431, 91 S. Ct. 1970, 29 L. Ed. 2d 554 (June 21, 1971), there are obvious differences between candidates of a political party and independent candidates, sufficient to warrant the legislature calling for different procedures in having their names placed on the ballot. And in *Steger v. Schellenger,* 33 *N. J.* 293, 295 (1960), our Supreme Court noted that the Legislature had dealt differently with the subject of verification in the General Election Law by specifying another mode of verification for nomination in a primary election, and stated that "in the nature of the subject, the manner and scope of the verification must vary with the context, and what is appropriate in one setting may be burdensome or prohibitive in another." Further, in *McCaskey v. Kirchoff,* 56 *N. J. Super.* 178, 182 (1959), we observed that the requirement that five affiants witness all signatures to the nominating petition of an independent candidate was "not unduly burdensome." And see *Smith v. Hayes,* 116 *N. J. Super.* 133 (App. Div. 1971); *Preisler v. St. Louis,* 322 *S. W.* 2d 748 (Mo. Sup. Ct. 1959).

Affirmed.